

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

October 18, 1948

Hon. Beauford H. Jester
Governor of Texas
Capitol Building
Austin, Texas

Opinion No. V-703

In re: Eligibility of Legislator to
be appointed to district
judgeship after expiration
of legislative term.

Dear Governor Jester:

Your request for an opinion reads:

"A citizen was duly elected to and served
in the 50th Legislature, 1947. During that term
the emoluments of the 101st District Court (and
other courts) were increased. (Acts, 50th Leg-
islature, Chapter 42, Page 54).

"It appears that there will be a vacancy
in the office of Judge, 101st District Court, on
and after January 1, 1949.

"Assuming that he is not elected to the
51st Legislature, would such citizen be eligible
to be appointed to fill such vacancy in the office
of Judge of the 101st District Court?"

The Governor, with confirmation by the Senate,
has the power to fill a vacancy in the office of district judge. Art.
V, Sec. 28; Art. IV, Sec. 12, of the Texas Constitution; Opinion No.
0-1092.

Section 18 of Article III provides that:

"No senator or representative shall,
during the term for which he may be elected,

be eligible to any civil office of profit under
this State . . . the emolument of which may
have been increased during such term . . ."
(Emphasis added.)

The 50th Legislature (1947)[1] increased the pay of
district judges to $6000. That office theretofore had carried an
emolument of $5000.[2] In counties of certain sizes, district judges
receive supplemental compensation for additional judicial and ad-
ministrative duties. That additional compensation is not here in-
volved. In such counties the base pay was $5000 per year. That
base pay was raised to $6000 by the Legislature in 1947.

So the members of the 50th Legislature (1947)
would be ineligible to hold a district judgeship, during the term
for which they were elected to the Legislature, because the emol-
uments of such judicial office were increased by that Legislature.
Art. III, Sec. 18.

But Section 18 of Article III acts as a prohibition
only during the legislative term for which such person was elected.
It says that:

"No Senator or Representative shall
during the term for which he was elected, be
eligible . . ."

After that two-year term has expired, and a new
representative from that district has been duly elected and has
qualified, the former legislator is no longer prohibited by Sec-
tion 18 of Article III from accepting an appointment as district
judge. The acceptance of the new office would not take place "dur-
ing the term for which he was elected" to the Legislature.

Assuming that the citizen in question is in all
other respects qualified, he may be appointed to such office. Your
question is answered in the affirmative.

---

[1] Ch. 42, p. 54, S.B. 11.

[2] Acts 45th Leg. (1937), Ch. 10, p. 11.

## SUMMARY

After the two-year legislative term of a citizen has fully expired and a successor has been elected and qualified, such legislator is eligible to be appointed to the office of district judge even though the emoluments of that judicial office were increased during the term of the former legislator.  Section 18 of Article III makes legislators ineligible for such appointments only "during the term for which they were elected."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Joe R. Greenhill*

Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL